UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALLYS EDUARDO AMAYA MEDINA (A-Number: 240-335-631),<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,<br><br>Respondents. | Case No.  1:26-cv-04695-JLT-CDB (HC)<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS ISSUED JULY 27, 2026<br><br>(Doc. 10)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. 1)<br><br>**14-Day Objection Period** |

**Background**

Petitioner Wallys Eduardo Amaya Medina, a federal immigration detainee proceeding pro se, initiated this action on June 18, 2026, with the filing of a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 1).  That same day, Petitioner filed a motion for temporary restraining order ("TRO").  (Doc. 4).  Petitioner is in the custody of Immigration and Customs Enforcement ("ICE") at the Golden State Annex facility.  (Doc. 1 at 2).  Respondents are the unnamed Warden of the Golden State Annex Detention Facility; David Venturella, Acting Director of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Todd Blanche, Acting Attorney General of the United States; and ICE Enforcement and Removal Operations ("ERO").  *Id.* at 1.

1

On June 20, 2026, the presiding district judge denied the TRO, set a briefing schedule, and referred the matter to the undersigned for consideration of the merits of the petition. (Doc. 7). On July 11, 2026, Respondents filed a response to the petition. (Doc. 9). Petitioner did not file a reply. On July 27, 2026, the undersigned issued findings and recommendations that the petition be granted. (Doc. 10).

For the reasons set forth herein, the undersigned will vacate the pending findings and recommendations (Doc. 10), issued July 27, 2026, and issue new findings and recommendations that the petition be dismissed.

## I.    **Relevant Background**

Petitioner is a citizen of Venezuela. (Doc. 9-1 at 9). Petitioner entered the United States on June 15, 2022, near the California or Arizona border. He was encountered by immigration officials, processed, and released on parole pursuant to 8 C.F.R. § 212.5 with a condition of parole that he participate in ICE's "Alternative to Detention" program and report to the nearest ICE field office within 60 days of his parole. (Doc. 1 at 19; Doc. 9-1 at 11, 13-14). He alleges he went to live in Dallas, Texas, and obtained a work permit, Social Security card, and driver's license. (Doc. 1 at 19). On March 22, 2026, he was encountered by police as the passenger in a vehicle they stopped in Lubbock, Texas. A police officer checked his documents and contacted DHS officers, who then detained Petitioner. (Doc. 1 at 19-20; Doc. 9 at 2). The following day, he was "picked up by ICE agents to be transferred to their ICE offices." Petitioner was processed and held at a Texas detention facility until May 9, 2026. On that day, he was transferred to a different detention center in Eden, Texas. (Doc. 1 at 20-21). On May 15 or 16, 2026, Petitioner was transferred to the Golden State Annex facility in McFarland, California. (Doc. 1 at 22; Doc. 9 at 2; Doc. 9, Ex. A). Petitioner asserts that he is not a criminal nor a danger to the community. (Doc. 1 at 20). Respondents do not contest this assertion nor offer evidence that Petitioner has sustained any criminal charges or convictions. *See* (Doc. 9-1 at 14).

While still detained at a facility in Texas, on April 23, 2026, Petitioner filed a habeas petition in the Northern District of Texas, *Amaya Medina v. Cerna, et al.*, No. 1:26-cv-00199-H (the "Texas Petition"). On July 28, 2026, the Northern District of Texas denied the petition and entered final

2

judgment.  *See* (Texas Petition, Docs. 11, 12).  The Court also takes judicial notice that Petitioner's immigration case remains pending.[1]

## II.      Governing Authority

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  *See* 28 U.S.C. § 2241.  A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

Relevant here, "in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds." *Nadaraja v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); accord *Flores-Torres v. Mukasey*, 548 F.3d 708, 713 (9th Cir. 2008) (holding "the district court has jurisdiction over Torres's habeas petition challenging his detention" in ICE custody).

## III.      Discussion

Petitioner asserts one cause of action in his petition for violation by Respondents of his procedural due process rights under the Fifth Amendment to the U.S. Constitution.  (Doc. 1 at 16-17).

Respondents contend that the Court should dismiss this action without prejudice under the first-to-file rule in deference to Petitioner's earlier filed habeas action in Texas, or, in the alternative, stay the case pending adjudication of the petition filed in Texas.  (Doc. 9 at 2-3; citing, *inter alia*, *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)).

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 7, 2026, using Petitioner's A-Number and nationality); *Daniels-Hall v. National Edu. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities ... and neither party disputes the authenticity of the web sites or the accuracy of the information displayed [ ] therein."); *Argueta v. Walgreens Co.*, 760 F. Supp. 3d 1028, 1034 (E.D. Cal. 2024) (taking judicial notice of information on federal government agency's website).

already been filed in another district." *Pacesetter*, 678 F.2d at 94-95. Under the first-to-file rule, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." *In re Bozic*, 888 F.3d 1048, 1052 (9th Cir. 2018) (citation omitted). The first-to file rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter*, 678 F.2d at 95. When considering whether a second action involves the same parties and issues as the first, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015) (citation omitted).

The Texas Petition was filed approximately two months prior to the instant petition. *Compare* (Texas Petition, Doc. 1) *with* (Doc. 1). The first-to-file rule "does not require exact identity of the parties" but "only substantial similarity of the parties." *Kohn*, 787 F.3d at 1240. Here, the parties in the Texas Petition and the instant petition are substantially similar; in both, Petitioner names the warden of the facility he was detained in at the time, as well as government officials associated with the DHS and ICE. *See Herrera v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-cv-05307 DAD SCR, 2026 WL 2123017, at *2 (E.D. Cal. July 23, 2026) ("In each of his cases, Petitioner names the Warden of the facility where he was detained at the time, making them substantially similar for purposes of this rule.").

The Court has reviewed the docket in *Amaya Medina v. Cerna*, *et al.*, No. 1:26-cv-00199-H, filed in the Northern District of Texas. The court in the Northern District of Texas has denied Petitioner's petition. (Texas Petition, Doc. 11). The petition in the Northern District of Texas advances the same cause of action as the petition herein, namely that Petitioner's detention violates the Due Process Clause of the Fifth Amendment. *See* (Texas Petition, Doc. 10). The Northern District of Texas addressed this cause of action in its order, finding that the Petitioner was not entitled to release as a matter of procedural due process. *See* (Texas Petition, Doc. 11 at 4-5). Thus, Petitioner's claims as raised in the instant petition have been adjudicated by the Northern District of Texas in his first-filed petition. Both petitions seek release from confinement or substantially similar relief. *Compare* (Texas Petition, Doc. 10) *with* (Doc. 1); *Bakhronov v. Warden, Golden*

4

*State Annex*, No. 1:26-cv-04342-NW, 2026 WL 1826486, at *2 (E.D. Cal. June 24, 2026) (granting motion to dismiss petition, noting that "both petitions seek release from confinement or similar claims" and that "[d]espite Petitioner's transfer to California, it is undisputed that Petitioner filed his first habeas petition in the Northern District of Texas, and that the Texas court has retained jurisdiction to hear his case").

Thus, the undersigned will recommend that the petition be dismissed without prejudice under the first-to-file rule. *See Bakhronov*, 2026 WL 1826486, *2; *Harris v. Att'y Gen.*, No. 1:25-cv-00275-DCN, 2025 WL 2675938, at *2 (D. Idaho Sept. 17, 2025) (dismissing prisoner complaint due to the fact that, among other things, the "federal habeas action was filed first" and was ongoing, and a "decision in this case would not serve comity and may be inconsistent," noting that "on the basis of principles of comity (meaning respect for the authority of another court), a court generally will not interfere with adjudication of the same claim in another court to avoid inconsistent results").

**IV.      Conclusion, Order, and Recommendation**

It is HEREBY ORDERED that the prior findings and recommendations (Doc. 10), issued on July 27, 2026, are VACATED.

And IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus (Doc. 1) be DISMISSED without prejudice pursuant to the first-to-file rule.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within 14 days** after being served with these findings and recommendations, the parties may file written objections with the Court. Any objections filed should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these findings and recommendations under 28 U.S.C. § 636(b)(l)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **August 11, 2026**    _____
UNITED STATES MAGISTRATE JUDGE