**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

WALLYS EDUARDO AMAYA MEDINA,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, *et al.*,

Respondents.

No. 1:26-cv-04695 JLT CDB (HC)

A-Number: 240-335-631

ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, GRANTING PETITION, DIRECTING RESPONDENTS TO RELEASE PETITIONER IMMEDIATELY

(Docs. 1, 13)

Petitioner Wallys Eduardo Amaya Medina, a federal immigration detainee, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 and a motion for temporary restraining order on June 18, 2026, while in custody of Immigration and Customs Enforcement at the Golden State Annex Detention Facility, where he remains detained. (Docs. 1, 4.) On June 20, 2026, the Court denied Petitioner's TRO motion, referred the petition to the assigned magistrate judge for a determination on the merits, and set a briefing schedule on the petition. (Doc. 7.)

The undisputed factual backdrop of this case is accurately summarized in the magistrate judge's August 11, 2026 findings and recommendations:

> Petitioner is a citizen of Venezuela. (Doc. 9-1 at 9). Petitioner entered the United States on June 15, 2022, near the California or Arizona border. He was encountered by immigration officials, processed, and

> released on parole pursuant to 8 C.F.R. § 212.5 with a condition of parole that he participate in ICE's "Alternative to Detention" program and report to the nearest ICE field office within 60 days of his parole. (Doc. 1 at 19; Doc. 9-1 at 11, 13-14). He alleges he went to live in Dallas, Texas, and obtained a work permit, Social Security card, and driver's license. (Doc. 1 at 19). On March 22, 2026, he was encountered by police as the passenger in a vehicle they stopped in Lubbock, Texas. A police officer checked his documents and contacted DHS officers, who then detained Petitioner. (Doc. 1 at 19-20; Doc. 9 at 2). The following day, he was "picked up by ICE agents to be transferred to their ICE offices." Petitioner was processed and held at a Texas detention facility until May 9, 2026. On that day, he was transferred to a different detention center in Eden, Texas. (Doc. 1 at 20-21). On May 15 or 16, 2026, Petitioner was transferred to the Golden State Annex facility in McFarland, California. (Doc. 1 at 22; Doc. 9 at 2; Doc. 9, Ex. A). Petitioner asserts that he is not a criminal nor a danger to the community. (Doc. 1 at 20). Respondents do not contest this assertion nor offer evidence that Petitioner has sustained any criminal charges or convictions. *See* (Doc. 9-1 at 14).
>
> While still detained at a facility in Texas, on April 23, 2026, Petitioner filed a habeas petition in the Northern District of Texas, *Amaya Medina v. Cerna*, et al., No. 1:26-cv-00199-H (the "Texas Petition"). On July 28, 2026, the Northern District of Texas denied the petition and entered final judgment. *See* (Texas Petition, Docs. 11, 12). The Court also takes judicial notice that Petitioner's immigration case remains pending.

(Doc. 13 at 2–3.)

On July 27, 2026, the assigned magistrate judge issued findings and recommendations to grant the petition. (Doc. 10.) Following Respondents' filing of objections informing the Court of the Texas judgment (Doc. 12), on August 11, 2026, the magistrate judge vacated the July 27, 2026, findings and recommendations and issued new findings and recommendations to dismiss the petition pursuant to the first to file rule. (Doc. 13.) The Court served the findings and recommendations on the parties and notified them that any objections were due within 14 days after service. *Id.* at 5. No objections have been filed, and the deadline has expired. According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court declines to adopt the findings and recommendations.

Application of the first-to-file rule is discretionary. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) (concluding the first to file rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration"). Dismissing this case based on the first-to-file rule "would not serve the

interest of efficiency and judicial economy where, as here, the petitioner is clearly entitled to relief and is subject to ongoing unlawful detention." *Urdaneta Simanca v. Andrews*, No. 1:26-cv-04995-DJC-CKD, 2026 WL 2058573, at *1 (E.D. Cal. July 16, 2026).

Respondents do not alternatively raise "abuse of the writ" in this case, but to the extent the Court is under any obligation to raise the issue *sua sponte*, it does not find this Petition to be abusive. The Northern District of Texas denied Petitioner's first petition based on its finding that Petitioner must be detained under 8 U.S.C. § 1225(b)(2)(A). However, since Petitioner was transferred to a detention facility in this district and several days after the Texas court denied habeas relief, the Ninth Circuit rejected the argument that non-citizens like Petitioner may be detained without bond under § 1225(b)(2)(A). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026) ("aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Considering this intervening authority, as other courts in this district have found, *e.g., Dinga v. Warden of the Golden State Annex*, No. 1:26-CV-04266 (EJD), 2026 WL 2588433, at *2 (E.D. Cal. Sept. 1, 2026), refusing to entertain Petitioner's claims in this second petition would be "a fundamental miscarriage of justice[.]" *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) ("Under the abuse of the writ doctrine, a successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim.").

Having concluded it is appropriate to address the Petition on the merits, the Court **GRANTS** the Petition. Petitioner claims that his ongoing detention violates his due process rights. (Doc. 1 at 6–8.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b). (Doc. 9 at 3.) Courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy of imposing mandatory detention upon individuals like Petitioner unlawful. *See, e.g., Rodriguez Vazquez v. Bostock*, 2026 WL 2196424 (9th Cir. July 30, 2026) (finding that § 1226(a), not § 1225(b), governs the detention of a

similarly situated petitioner); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Like the Petitioner in the recent case of *Martinez Melendez v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-05008-JLT-EGC, 2026 WL 2539195, at *2 (E.D. Cal. Aug. 27, 2026), Petitioner has no criminal history and there is no indication in the record that he presents a flight risk or danger to the community. Therefore, immediate release is the appropriate remedy.

Thus, the Court **ORDERS**:

1. The Court **DECLINES TO ADOPT** the findings and recommendations. (Doc. 11.)
2. The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.
3. Petitioner **SHALL** be **RELEASED IMMEDIATELY**.
4. Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.
5. Petitioner's request for appointment of counsel (Doc. 3) is **DENIED AS MOOT**.

///

///

6. The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order and then to **CLOSE THIS CASE**.

IT IS SO ORDERED.

Dated: _September 3, 2026_

UNITED STATES DISTRICT JUDGE